

# TEXAS DEPARTMENT OF CRIMINAL JUSTICE
### OFFICE OF THE INSPECTOR GENERAL

Cris W. Love, Sr.  
Inspector General

John C. West  
General Counsel

---

January 31, 2022

Joseph Parampathu  
Sent via email to *jparampathu@gmail.com*

Re: Open Records Request OR-2022.00015

Dear Mr. Parampathu:

The Office of the Inspector General has received your open records request, but we are unable to provide the documents you have requested at this time.

Enclosed is a copy of the request for ruling sent to the Attorney General. Pursuant to §552.301, Texas Government Code, we have referred your open records to the Office of the Attorney General (AG) for a decision regarding the release of the documents you have requested. You will be notified when the AG's office issues an opinion on whether or not the documents you requested can be released. Please note that it may take as long as three months for an opinion to be issued. Dependant upon the AG's opinion, we will be able to release the documents determined to be public at that time.

If further assistance is needed on the matter, please contact this office.

Sincerely,

OIG General Counsel



# TEXAS BOARD OF CRIMINAL JUSTICE
## OFFICE OF THE INSPECTOR GENERAL

Cris W. Love, Sr.  
Inspector General

John C. West  
General Counsel

January 31, 2022

The Honorable Ken Paxton  
Attorney General of Texas  
Price Daniel Building  
P.O. Box 12548  
Austin, Texas 78711-2548

RE:   Open Records Decision Request Regarding Request for Public Information from:

Joseph Parampathu  
jparampathu@gmail.com  
      Received: January 14, 2022  
      Response Deadline: January 31, 2022

Dear General Paxton:

The Office of the Inspector General (OIG) requests your opinion regarding what we may or may not withhold pertaining to an open records request by Requestor seeking:

> "**...copies of any available records related to Complaint # 2000009374 and Complaint # 1800005440 with the TDCJ filed by Jamon Hestad....**" [sic]
> (Please see **Exhibit A**)

OIG has identified two (2) investigative case files that are responsive to the request. Case 1800005440 is a closed correspondence case, which has been sent to the requestor with standard redactions. Case 2000009374 is an open criminal investigation regarding Jamon Hestad, TDCJ #01343536. OIG believes that most, if not all, the contents of the files should be excepted from release under the Public Information Act in accordance with §552.101, 552.102, 552.108, 552.117, 552.1175, 552.130, 552.134, 552.147 and 411.084 Texas Government Code; and prior opinions of your Office.

Please be advised that OIG does not have possession of, nor does it have access to records of TDCJ not relevant to the subject matter of the investigative file noted above. Accordingly, OIG can only respond to the documents it possesses. OIG has provided all the documents it possesses or has the right to possess regarding this request. If OIG states that it has released documents to the requestor, all documents involved in said release are found in Exhibit B. If the documents

The Honorable Ken Paxton
January 31, 2022
Page 2 of 8

are not in Exhibit B, then OIG has not released them. All of the documents OIG has that are responsive to this request are contained in Exhibit C.

The Released Information, if any, will be treated with standard redacting, as applicable, such as certain addresses, telephone numbers, social security numbers and personal family information, per §552.117, 552.1175 and 552.147, Texas Government Code, and your prior opinions, including but not limited to OR2005-0106. In addition, some information in the documents that may be released is subject to an exception to release. Accordingly, that information has been redacted. If the Attorney General rules that it cannot be redacted, that information will be provided to the requestor. (Please see **Exhibit B**).

First, the responsive case file is an open investigation. The status of this case begs the question of whether any of it should be released pursuant to §552.108, Texas Government Code. Section 552.108(a)(1) excepts from required disclosure "Information held by a law enforcement agency… that deals with the detection, investigation, or prosecution of crime… if… release of the information would interfere with the detection, investigation or prosecution of crime…." As the case has not yet reached a final resolution, OIG believes that if any evidence of criminal culpability on the part of one or more parties is uncovered, it could lead indictments and criminal prosecution of those persons. OIG believes that release of any information regarding this investigation from any file would be premature and could compromise the integrity of the investigation and any prosecutorial efforts.

Accordingly, the release of anything other than basic information could divulge to the defendant and others: (a) the nature and scope of the investigation; (b) the type and amount of evidence that has been collected to support the filing of charges; (c) the identities of witnesses and the substance of the information that each has provided; and (d) information about the investigative techniques utilized by OIG to pursue the investigation. Release of any information over and above basic information would, therefore, be premature and could compromise the integrity of the adjudication process and its appeal and thwart any further investigation that may be required to facilitate the decision making process. OIG believes that to release any information over and above basic information from the file would be contrary to the exceptions provided by §552.108(a)(1), Texas Government Code.

Second, the responsive file contains information regarding inmates that is outside that considered by the Act as releasable information regarding inmates of TDCJ facilities, per §§552.134, Texas Government Code.

§552.134, Texas Government Code, states information regarding inmates that is excepted from disclosure:

> "…(a) Except as provided by Subsection (b) or by Section 552.029, information obtained or maintained by the Texas Department of Criminal Justice is excepted from the requirements of Section 552.021 if it is information about an

The Honorable Ken Paxton
January 31, 2022
Page 3 of 8

inmate who is confined in a facility operated by or under a contract with the department.
    (b) Subsection (a) does not apply to:
        (1) statistical or other aggregated information relating to inmates confined in one or more facilities operated by or under a contract with the department; or
        (2) information about an inmate sentenced to death..."

§552.134, Texas Government Code, is made directly subject to §552.029, Texas Government Code, which lists specific information that is releasable regarding inmates:

"(1) the inmate's name, identification number, age, birthplace, department photograph, physical description, or general state of health or the nature of an injury to or critical illness suffered by the inmate;
(2) the inmate's assigned unit or the date on which the unit received the inmate, unless disclosure of the information would violate federal law relating to the confidentiality of substance abuse treatment;
(3) the offense for which the inmate was convicted or the judgment and sentence for that offense;
(4) the county and court in which the inmate was convicted;
(5) the inmate's earliest or latest possible release dates;
(6) the inmate's parole date or earliest possible parole date;
(7) any prior confinement of the inmate by the Texas Department of Criminal Justice or its predecessor; or
(8) basic information regarding the death of an inmate in custody, an incident involving the use of force, or an alleged crime involving the inmate."

All of the inmate information in the responsive case files is about non-death row inmates and is, thus, outside the scope of that deemed releasable pursuant to §552.134, Texas Government Code: *details regarding the inmate, the alleged crime, statements from the inmate, medical records and related documents, description of inmate activities, inmate locations, other items directly related to the control of inmates in the correctional facility, and adjustment problems experienced by the inmates.* While OIG is willing to release inmate information that is covered under the Act and responsive to this request, we ask your approval to withhold data that is subject to this exception in the Government Code.

Third, responsive file contains medical information about the subject inmate -- all signed by hand or electronically by doctors or medical associates, who, by protocol, work under the express authority and direction of a supervising physician. OIG does not have releases as contemplated by the Medical Practices Act and thus has no authority to release this information. In accordance with Chapter 159, Texas Occupations Code, OIG believes that this medical information in the files should be withheld per §552.101, Texas Government Code. Section 552.101, Texas Government Code, applies to any case where a law enforcement agency is conducting an investigation of an alleged law violation. See *A & T Consultants, Inc., Relator v.*

The Honorable Ken Paxton
January 31, 2022
Page 4 of 8

*John Sharp, Comptroller of Public Accounts of the State of Texas, Respondent,* 904 S.W.2d. Accordingly, pursuant to §552.101, OIG believes that the medical information in this file should be withheld in accordance with the provisions of Chapter 159, Texas Occupations Code.

Fourth, Section 552.101, Texas Government Code excepts from required disclosure "information considered to be confidential by law, either constitutional, statutory, or by judicial decision." The Legislature has determined that certain types of information related to mental health medical and health care issues cannot be released without a proper authorization from the person who is the subject of the record. §611.002, Texas Health and Safety Code, provides:

> CONFIDENTIALITY OF INFORMATION AND PROHIBITION AGAINST DISCLOSURE. (a) Communications between a patient and a professional, and records of the identity, diagnosis, evaluation, or treatment of a patient that are created or maintained by a professional, are confidential.
> (b) Confidential communications or records may not be disclosed except as provided by Section 611.004 or 611.0045.
> (c) This section applies regardless of when the patient received services from a professional.

The responsive case file contains mental health records and mental health information about the deceased inmate's previous psychological examinations, records, and psychological history -- all signed electronically by a physician or other mental healthcare provider. OIG does not have the authority as contemplated by the Health and Safety Code and thus has no authority to release this information. In accordance with §552.101, Texas Government Code, OIG believes that this mental health medical information should be withheld per Chapter 611, Texas Health and Safety Code. It should be noted that the requestor provided a release form, but that release is not appropriate because it empowers the requestor and her organization to release information about the subject inmate to third parties. Thus, it is of no benefit to the requestor in this request for information about the subject inmate.

Fifth, the responsive information contains information on TDCJ employees' addresses, telephone numbers, and social security numbers. This information is excepted from public disclosure under Section 552.117 and 552.1175 of the Texas Government Code.

> Sec. 552.117. EXCEPTION: CONFIDENTIALITY OF CERTAIN ADDRESSES, TELEPHONE NUMBERS, SOCIAL SECURITY NUMBERS, AND PERSONAL FAMILY INFORMATION. (a) Information is excepted from the requirements of Section 552.021 if it is information that relates to the home address, home telephone number, emergency contact information, or social security number of the following person or that reveals whether the person has family members:
>
>> (3) a current or former employee of the Texas Department of Criminal Justice or of the predecessor in function of the department or any

The Honorable Ken Paxton
January 31, 2022
Page 5 of 8

> division of the department, regardless of whether the current or former employee complies with Section 552.1175;
>
> Sec. 552.1175. CONFIDENTIALITY OF CERTAIN PERSONAL IDENTIFYING INFORMATION OF PEACE OFFICERS, COUNTY JAILERS, SECURITY OFFICERS, EMPLOYEES OF CERTAIN CRIMINAL OR JUVENILE JUSTICE AGENCIES OR OFFICES, AND FEDERAL AND STATE JUDGES. (a) This section applies only to:
>
>> (3) current or former employees of the Texas Department of Criminal Justice or of the predecessor in function of the department or any division of the department;
>
> (b) Information that relates to the home address, home telephone number, emergency contact information, date of birth, or social security number of an individual to whom this section applies, or that reveals whether the individual has family members is confidential and may not be disclosed to the public under this chapter if the individual to whom the information relates:
>
>> (1) chooses to restrict public access to the information; and
>>
>> (2) notifies the governmental body of the individual's choice on a form provided by the governmental body, accompanied by evidence of the individual's status.

Sixth, the responsive file lists driver license numbers as identifying information. This information is excepted from required public disclosure in accordance with Section 552.130, Texas Government Code, which states:

> § 552.130. EXCEPTION: MOTOR VEHICLE RECORDS.
> (a) Information is excepted from the requirements of Section 552.021 if the information relates to:
>> (1) a motor vehicle operator's or driver's license or permit issued by an agency of this state;
>> (2) a motor vehicle title or registration issued by an agency of this state; or
>> (3) a personal identification document issued by an agency of this state or a local agency authorized to issue an identification document.
>
> (b) Information described by Subsection (a) may be released only if, and in the manner, authorized by Chapter 730, Transportation Code.

Seventh, the responsive file contains photographs of the inmate, but these photographs of the inmate are not the "department photographs" listed in §552.029, Texas Government Code, but rather are part of the investigative effort in the listed file. This file relates to an unresolved criminal case. Accordingly, the photographs that OIG has obtained are directly related to its

The Honorable Ken Paxton
January 31, 2022
Page 6 of 8

investigative efforts and are subject to being with held pursuant to §552.108, Texas Government Code which provides:

> Sec. 552.108. EXCEPTION: CERTAIN LAW ENFORCEMENT, CORRECTIONS, AND PROSECUTORIAL INFORMATION. (a) Information held by a law enforcement agency or prosecutor that deals with the detection, investigation, or prosecution of crime is excepted from the requirements of Section 552.021 if:
>
>> (1) release of the information would interfere with the detection, investigation, or prosecution of crime;
>> (2) it is information that deals with the detection, investigation, or prosecution of crime only in relation to an investigation that did not result in conviction or deferred adjudication;
>
> . . . . .
>
> (b) An internal record or notation of a law enforcement agency or prosecutor that is maintained for internal use in matters relating to law enforcement or prosecution is excepted from the requirements of Section 552.021 if:
>> (1) release of the internal record or notation would interfere with law enforcement or prosecution;
>> (2) the internal record or notation relates to law enforcement only in relation to an investigation that did not result in conviction or deferred adjudication; or

Eighth, the responsive file contains birth date information. Pursuant to §552.102, Texas Government Code, the Supreme Court of Texas has held that public employees' birth dates are confidential. Therefore, pursuant to §552.101 which provides that information deemed confidential by judicial decision is exempted from required public disclosure; OIG requests your decision to allow withholding of employees' birth dates. See: Texas Comptroller of Public Accounts v. Attorney General of Texas, 2010 Tex. LEXIS 899 (Tex., 12/03/2010)

In Ken Paxton, Attorney General of the State of Texas v. City of Dallas, 2015 Tex. App. LEXIS 5228 (Tex., May 22, 2015) the Court ruled:

> In support of its argument, the City relies on the Texas Supreme Court's opinion in *Texas Comptroller, 354 S.W.3d at 343-346*. In that opinion, the supreme court held that public employee date-of-birth information in the Comptroller's payroll database was excepted from disclosure under *section 552.102 of the PIA*, which excepts from disclosure personnel-file information whose release "would constitute a clearly unwarranted invasion of personal privacy." *See id. at 348*. In reaching this holding, the supreme court decided, as a preliminary matter, that state employees have a "nontrivial privacy interest" in their birth dates, arising from

The Honorable Ken Paxton
January 31, 2022
Page 7 of 8

concerns about the potential for and growing problem of identity theft and fraud. *See id. at 344-45.* As the supreme court explained,

> [T]here is little question that one "can take personal information that's not sensitive, like birth date, and combine it with other publicly available data to come up with something very sensitive and confidential."

> Moreover, "[t]he Attorney General has observed that preventing identity theft 'begins by reducing the number of places where your personal information can be found.'" *Id.* (citing *Preventing Identity Theft*, FIGHTING IDENTITY THEFT, http://www.texasfightsidtheft.gov/preventing.shtml). Concluding that the state employees' privacy interest in this information substantially outweighed the negligible public interest in disclosure, the court held that "disclosing employee birth dates constitutes a clearly unwarranted invasion of personal privacy, making them exempt from disclosure *section 552.102.*" *Id. at 348.*

> Although the supreme court's decision in *Texas Comptroller* concerned the privacy rights of public employees under *section 552.102*, we do not see why the court's concerns about identity theft and fraud would not apply equally to members of the general public and, in turn, to claims of confidentiality under *section 552.101*. Therefore, we conclude that based on the supreme court's rationale in *Texas Comptroller*, public citizens have a privacy interest in their birth dates such that the "publication [of birth dates] would be highly objectionable to a reasonable person." *Cox Tex. Newspapers, 343 S.W.3d at 117* (citing *Industrial Found., 540 S.W.2d at 686*, and explaining that "sole criteria" for assessing "confidential by judicial decision" based on invasion-of-privacy tort is whether information is of legitimate public concern and whether its publication would be highly objectionable [*11] to reasonable person). There is no dispute that the redacted date-of-birth information at issue is not of legitimate public concern; the City has therefore established that the information is "confidential by judicial decision" under *section 552.101 of the PIA*.

> All of the date of birth information about persons who are public employees and members of the general should be exempted from public disclosure

We are enclosing a copy of the request and the responsive records for your review. As mentioned above, OIG is releasing to requestor basic information on the responsive file (with standard redacting, as applicable, such as certain addresses, telephone numbers, social security numbers and personal family information, per §552.117, 552.1175 and 552.147, Texas Government Code, and your prior opinions, including but not limited to OR2005-01067).

OIG is sending requestor an abbreviated version of this Request for Decision, in accordance with §552.301(d)(1) and (2), Texas Government Code (See **Exhibit C**). OIG respectfully requests

The Honorable Ken Paxton
January 31, 2022
Page 8 of 8

your ruling concerning the applicability of the aforementioned exceptions to the balance of the material in question.

Please contact me at 512/671-2490 if you have any questions or concerns.

Sincerely,

John C. West
OIG General Counsel

cc:   Joseph Parampathu (without attachments)
      Open Records 2022.00015

# TDCJ - Office Of Inspector General

Page 2

**OFFENSE Report**

| ORI: TX2360800 | Incident No. 1800005440 | 1/18/2022 |
|---|---|---|

## Incident

| CAD No. 1800005445 | Other No. | Type **Correspondence** | Date Occur **05/10/2018 13:58** |
|---|---|---|---|
| UCR Status **Closed** | Clear. Date | Audited By: | Exc. Clear. |
| Inv. Status **Closed** | Report By: **Willett, Mary Ann** 05/10/2018 | | Approv. By: **Willett, Mary Ann** 05/15/2018 |
| Fam. Viol. **No** | | | Recorded Date: **05/15/2018** |

Description

Allegations of excessive use of force by officers and serious injuries and request to file charges sent to the District Clerk.

Dispatch Location **2664 FM 2054 Tennessee Colony**

### - Offense No. 1    Offense Recording Date **05/15/2018 14:28**

| Off. Begin Date **05/10/2018 00:00** | Off. End Date **05/10/2018 00:00** | Entry Method | Attempt/Complete |
|---|---|---|---|
| Drug Seized | Gang Related | Hi-Speed Pursuit | Weapons Used |
| Offense Code **CM28** L/D | Offense **Use of Force Violation** | | No. of Premises 0 |
| Bias Motivation | | Agg Asslt/Homic. Circumst. | Supplement: 0 |
| Offense Addr. **Michael, 2664 FM 2054 Tennessee Colony** | | | Loc.Type **Prison Facility** |
| Remarks | | | |

**Victim(s)**

| Name | DOB | Race | Sex | DL | Address |
|---|---|---|---|---|---|
| | | | | | |

**Victims (Organizations)**

| Name | Phone | Address |
|---|---|---|

### Other Involved Person(s)

| Name | Role | DOB | Race | Sex | DL | Hair Color | Eye Color |
|---|---|---|---|---|---|---|---|
| HESTAND, JAMON | Complainant | | White | Male | | Red or Auburn | Hazel |
| Address | | | | | | | |

### Vehicle

| State | License | Status | Year | Make | Model | Body Style | Involved People |
|---|---|---|---|---|---|---|---|

| Color | Other Color | VIN |
|---|---|---|

| Wrecker Co: | Wrecker Call'd: | Wrecker Arriv'd: |
|---|---|---|

Remarks