

### 𝕾𝖙𝖆𝖙𝖊 𝕮𝖔𝖚𝖓𝖘𝖊𝖑 𝖋𝖔𝖗 𝕺𝖋𝖋𝖊𝖓𝖉𝖊𝖗𝖘

P.O. Box 4005
Huntsville, TX 77342-4005

June 23, 2020

Jamon Nathaniel Hestand, TDCJ#01343536
Michael Unit
2664 FM 2054
Tennessee Colony, TX 75886

Re:   State of Texas vs. Jamon Nathaniel Hestand; Cause No. 87CR-20-34556; In the 87th
      Judicial District Court of Anderson County, Texas

Dear Mr. Hestand:

Pursuant to Texas Code of Criminal Procedure Art. 26.051, State Counsel for Offenders has been appointed as your attorneys to represent you in Cause No. 87CR-20-34556. Enclosed, you will find a copy of the Indictment filed against you by the prosecution. The Indictment tells you what you are charged with. Your first court date has not been set, so we are unaware, at this time, of when you will travel to court.

One of the attorneys and/or investigators from our office will be visiting you soon to discuss your case and discuss our legal representation of you. Please note that by law, we are not allowed to give you a copy of your entire case file.

Be advised that any statement(s) you make concerning your case to anyone, other than myself or anyone from my office, can be used against you at trial. This is why you SHOULD NOT discuss your case with any other inmates, guards, OIG, the prosecutor, or the court. Nor should you sign any statements about this case without contacting my office. I have seen cases where letters sent by mail or "kites" were taken by guards and used against my client at trial. I would also advise that you not send letters or file Pro Se motions directly with the court before talking with my office. Send all your questions to me at the following address: **Jake Greenberg, State Counsel for Offenders, P. O. Box 4005, Huntsville, TX 77342.**

Be aware that if you are not a citizen of the United States, you may face negative immigration consequences, including possible deportation, as a result of a criminal conviction or guilty plea. Make sure to inform your attorney regarding your immigration status if you are not a citizen.

Sincerely,

Jake Greenberg
Staff Attorney
Phone: 936-437-5250

Enclosures



THIRD JUDICIAL DISTRICT COURT OF ANDERSON COUNTY, TEXAS

INDICTMENT NO. 87CR-20-34556                    BOND: $ 25,000

STATE OF TEXAS VS. JAMON NATHANIEL HESTAND

CHARGE: AGGRAVATED ASSAULT (SERIOUS BODILY INJURY)
OFFENSE CODE: 13150004                CODE & SECTION: 22.02 of the Texas Penal Code
TRN:                                  OIG NO.: 18-12577
SID NO.: 06228192

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS:

    THE GRAND JURORS, duly selected, organized, sworn and impaneled as such for the County of
Anderson, State of Texas, at the January Term, 2020, A.D, of the District Court for said County, upon their oaths
present in and to said Court, that on or about the 5th day of November, 2018 and anterior to the presentment of this
Indictment, Jamon Nathaniel Hestand, did then and there intentionally, knowingly, and recklessly cause serious
bodily injury to Q. Goodman by striking the said Q. Goodman with a hot liquid in the head and/or face.

ENHANCEMENT PARAGRAPH(S)

And it is further presented that, prior to the commission of the charged offense (hereinafter styled the primary
offense), on the 10th day of February, 2000, in cause 99CR0772 in the 122nd Judicial District Court of Galveston
County, Texas, the defendant was finally convicted of the felony offense of Murder.

And it is further presented that, prior to the commission of the primary offense, and after the conviction in cause
number 99CR0772 was final, the defendant committed the felony offense of Burglary of a Habitation and was
finally convicted on the 2nd day of December, 2005 in Cause No. F-2005-1052-B in the 158th Judicial District Court
of Denton County, Texas.

AGAINST THE PEACE AND DIGNITY OF THE STATE.

SIGNED: _____              ANDERSON COUNTY GRAND JURY
                                       _____
                                       FOREPERSON

IDENTIFIERS:

RACE: White  SEX: Male       D.O.B.: 4/27/1981     HEIGHT: 6' 00"      WEIGHT: 170
FBI:   31803LB6     TDCJ: 01343536

LAST KNOWN ADDRESS:     Beto Unit, Texas Department of Criminal Justice, 2664 FM 2054; Tennessee
Colony, TX 75886

ARREST STATUS: In TDCJ Custody—Not arrested—Issue Warrant

CAUSE NO. 87CR-20-34556

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | ANDERSON COUNTY, TEXAS |
| | § | |
| JAMON NATHANIEL HESTAND | § | 87TH JUDICIAL DISTRICT |
| TDCJ NO. 01343536 | | |

## REQUEST FOR DISCOVERY UNDER ARTICLE 39.14, NOTICE OF INTENT TO OFFER EXTRANEOUS CONDUCT UNDER RULE 404(b), EVIDENCE OF CONVICTION UNDER RULE 609(f) AND EVIDENCE OF AN EXTRANEOUS CRIME OR BAD ACT UNDER ARTICLE 37.07

TO THE SPECIAL PROSECUTOR:

### I.
### Morton Request

Pursuant to Article 39.14 of the Texas Code of Criminal Procedure, Defendant requests the state to produce and permit the inspection and electronic duplication, copying and photographing, by and on behalf of the defendant of the following:

1. Copies of any offense reports of any law enforcement officer or officers or investigators, including TDCJ Office of the Inspector General, TDCJ Correctional Officers, and any other TDCJ employees or contractors involved in the investigation, arrest and/or detainment of the Defendant herein;

2. Copying of any documents, papers, written or recorded statements of the defendant.

3. Copying of any documents, papers, written or recorded statements of any witness that the prosecuting attorney may call as a witness herein;

4. Copying and inspection of any photographs, audio or video recordings of the defendant, witnesses, complaining witnesses or alleged crime scene;

5. Copying and inspection of any books, accounts, ledgers, letters, photographs or other tangible objects involved in the investigation and/or prosecution of this offense;

6. Inspection of any tangible property of any type seized during the arrest, search detainment or disciplinary proceeding of the defendant herein;

7. Copying and inspection of any evidence that is exculpatory, impeaching or mitigating. This applies to any document, item or piece of information in the possession, custody, or control of the state, any law enforcement agency including TDCJ and TDCJ OIG or any state agency that tends to negate the guilt or reduce the punishment for the offense charged;

8. Copying of any names, current addresses, current phone numbers and available email addresses of any witness that may be called by the prosecution in this cause pursuant to 702, 703 and 705 of the Texas Rules of Evidence.

9. Copying of the criminal history of each and every witness the prosecution may call in this case;

This request does not include the work product of the prosecutors or the investigators or the investigators working for the prosecutors. It does not include their notes, preparations or direct communications between the prosecutors and their witnesses or agents in this case. However, it does extend to all items requested herein and are in the possession, custody or control of the State or any person under contract with the State. The State may provide electronic duplicates of any documents or other information.

This request extends to any time before, during or after trial that the State, its agents, servants or employees discover any additional documents, items, or other information required to be disclosed under Article 39.14(b) of the Texas Code of Criminal Procedure.

Defendant, by and through his attorney, hereby requests that the State electronically record or otherwise document any document, item or other information provided pursuant hereto, setting forth each document, item or other information and date and time it was received by the defense

attorney.

This request is made pursuant to the requirements of Article 39.14 of the Texas Code of Criminal Procedure and the attorney for the Defendant requests that the prosecutor comply with these requests as soon as reasonably practicable with the understanding that the items in the prosecutor's file may be provided sooner than items not in the immediate custody of the prosecutor.

## II.

### 404(b) Request

Pursuant to Rule 404(b) of the Texas Rules of Evidence, Defendant requests the state to give reasonable notice in advance of trial of its intent to introduce in its case-in-chief evidence of crimes, wrongs, or acts other than that arising in the same transaction.

## III.

### 609(f) Request

Pursuant to Rule 609(f) of the Texas Rules of Evidence, Defendant requests that the state give sufficient advance written notice of its intent to use evidence of a conviction against any potential witnesses.

## IV.

### 37.07 Request

Pursuant to Article 37.07, Code of Criminal Procedure, that the State provide Notice of State's Intention to Introduce Evidence of other Crimes, Wrongs or Acts (Adjudicated or Unadjudicated) in Punishment.  Defendant specifically requests notice of the following:

(1) name of the alleged complainant;

(2) date of alleged extraneous offense;

(3) county of the alleged extraneous offense;

(4) nature of the alleged offense.

## V.

### Unadjudicated Offenses

Defendant requests a <u>minimum</u> of 30 days notice, prior to trial, of any <u>unadjudicated</u> crime, wrong, or act which the State intends to offer pursuant to Rule 404(b) or Article 37.07.  Such reasonable notice is critical in order for Defendant to properly defend against such unadjudicated offenses.

Most unadjudicated crimes, wrongs, or acts involving inmates, such as the Defendant, typically involve disciplinary cases within the Texas Department of Criminal Justice - Institutional Division (TDCJ-ID).  Proper trial preparation will require Defendant's attorney to subpoena TDCJ-ID disciplinary records, and, in many cases, TDCJ-ID Use of Force reports and videos.  These records typically require 1-3 weeks to obtain by subpoena.  Witness interviews frequently require travel to distant TDCJ-ID units.

Furthermore, witness requests for inmates who can testify on the particular unadjudicated offense, often require 7-10 days' notice to insure their appearance at court.  Absent   30   days' notice, Defendant's attorney cannot effectively challenge evidence of unadjudicated crimes, wrongs, or acts.

## VI.

### Adjudicated Offenses

Defendant also requests 30 days' notice, prior to trial, of any <u>adjudicated</u> offenses the State intends to offer pursuant to Rule 404(b) or 609(f).  Records of conviction oftentimes are difficult to obtain, when out of county.  Furthermore, follow-up with defendants on ambiguous matters

related to adjudicated offenses, often requires personal contact with the defendant, who is typically incarcerated far from the undersigned defense attorney.

Respectfully submitted:

Jake Greenberg
Attorney for the Defendant
State Counsel for Offenders
Texas Bar No.24110906
P. O. Box 4005
Huntsville, Texas 77342
Phone (936) 437- 5229
Fax (936) 437-5279
Jake.Greenberg@scfo.texas.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of Defendant's original *Request for Discovery under Article 39.14, Notice of Intent to Offer Extraneous Conduct under Rule 404(b), Evidence of Conviction under Rule 609(f) and Evidence of an Extraneous Crime or Bad Act under Article 37.07* has been served by electronic delivery upon Cindy Garner, of the Special Prosecution Unit, on the _29_ day of _July_, 20 _20_ . A copy of same has been filed with the 87th Judicial District Court of Anderson County, Texas.

Cindy Garner
Via email: cgarner@sputexas.org

Jake Greenberg

CAUSE NO. 87CR-20-34556

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | ANDERSON COUNTY, TEXAS |
| | § | |
| JAMON NATHANIEL HESTAND | § | 87TH JUDICIAL DISTRICT |
| TDCJ NO. 01343536 | | |

## DEFENDANT'S FIRST SET OF PRETRIAL MOTIONS

TO THE JUDGE OF THIS HONORABLE COURT:

Now comes JAMON NATHANIEL HESTAND, Defendant in the above styled and numbered cause, by and through his undersigned counsel, who so moves this Court as follows:

### Motion for a Court Reporter to Record the Entire Proceedings

The official court reporter or court recorder is required to attend court sessions and make a full and complete record of all of the proceedings in this case. Texas Rules of Appellate Procedure 13.1 These proceedings include, but are not limited to the following:

1. All pretrial hearings;

2. The entire voir dire examination of the jury panel of prospective jurors;

3. All testimony of all witnesses during trial;

4. The objections made by the prosecution and defense;

5. All rulings and remarks of the Court;

6. All communications between the Court and the jury;

7. All communications between the Court, prosecution and defense, at the bench and outside the presence of the jury;

8. The jury charge conference between the Court and all counsel;

9. The opening statements and final arguments made to the jury by the prosecution and defense;

10. All testimony adduced at hearings before the Court on matters of law or mixed matters

10. All testimony adduced at hearings before the Court on matters of law or mixed matters of law and fact outside the jury's presence;

11. All sentencing and punishment proceedings;

12. All post trial proceedings conducted in this Court.

The official court recorder is also required to ensure that the recording system functions properly throughout the above listed proceedings and that a complete, clear, and transcribable recording is made. Texas Rules of Appellate Procedure 13.2

Defendant moves the Court to ensure the court reporter and/or court recorder in this case complies with all of the provisions of Texas Rules of Appellate Procedure 13.1 and 13.2, including but not limited to, making a full and complete record of all of the proceedings in this case.

I.      **Motion to Compel Endorsement of the Names of Grand Jury Witnesses**

Texas Code of Criminal Procedure Article 20.20 requires that the names of the witnesses upon whose testimony the indictment is found be endorsed upon the face of the indictment. In the event the indictment does not include the names of said witnesses in this case, Defendant moves the Court to compel the prosecution to amend the indictment, no later than 30 days prior to trial, to include the names of witnesses who testified at the grand jury.

II.     **Motion to List the Names and**

**Contact Information for the Prosecution's Witnesses**

The Defendant moves the Court to compel the prosecution in this case to disclose, no later than 30 days prior to trial, the names and addresses of all of the witnesses it intends to call at trial. Defendant further moves the Court to impose upon the prosecution a continuing obligation to provide updated information regarding their witnesses up to and including the day of trial. Disclosure of the witness information is essential to satisfy the Defendant's right to confront his

accusers and the witnesses who will testify against him, said rights being protected by United States Constitution Amendments VI and XIV, Texas Constitution Article I, § 10 and Texas Code of Criminal Procedure Articles 1.05 and 1.25. The prosecution should always disclose the names of the witnesses it intends to call at trial. *Young v. State*, 547 S.W.2d 23, 27 (Tex. Crim. App. 1977). Production of the names of all of the prosecution's trial witnesses is also necessary to afford the Defendant an opportunity to conduct an independent investigation into the facts surrounding the alleged offense, and an opportunity to intelligently exercise challenges during jury selection.

### III.   Motion for Discovery of the Arrest and

### Conviction Records of the Prosecution's Witnesses

Defendant moves the Court to order the prosecution to disclose no later than the 30 days prior to trial, the arrest and conviction records of the prosecution's trial witnesses. Disclosure of this information is essential for Defendant's right of cross-examination and impeachment of witnesses protected by Texas Rules of Evidence 609, United States Constitution Amendments VI and XIV, and Texas Constitution Article I, § 10. The requested information includes but is not limited to the following:

1.  Final felony convictions;

2.  Felony convictions for which probation has not been satisfactorily completed;

3.  Final misdemeanor convictions for offenses involving moral turpitude;

4.  Misdemeanor convictions for offenses involving moral turpitude where probation has not been satisfactorily completed;

5.  Offenses pending between the date of this offense and trial, which might have a bearing on the witness's motive to testify, including juvenile cases, felonies and misdemeanor

cases, convictions, probations or deferred adjudications. *See Davis v. Alaska*, 415 U.S.308 (1974).

### IV.   Motion to Compel the Prosecution to Disclose

### Agreements Between the Prosecution and Its Witnesses

The Defendant moves the Court to compel the prosecution to disclose any and all agreements between the prosecution and its witnesses in this case. Any agreements and inducements offered by the prosecution which motivate witnesses to testify, affect the credibility of those witnesses. A finding of guilt or innocence of the defendant depends upon the credibility of the witnesses who testify against him. Therefore, testimony from a non-credible witness is exculpatory and/or mitigating in nature. As discussed further in Motion no. VIII below, the prosecution is required to disclose any and all exculpatory and/or impeachment and/or mitigating evidence and/or facts in their possession, custody and control. Texas Code of Criminal Procedure Article 39.14 (h), *Brady v. Maryland*, 373 U.S. 83 (1963), United States Constitution Amendments VI and XIV, Texas Constitution Article I, §§ 10, 13 and 19, and Texas Code of Criminal Procedure Articles 1.05 and 1.25. The Defendant moves the Court to compel the prosecution to disclose the following non-exhaustive list no later than 30 days prior to trial: plea bargain agreements, fee, expense, or reward arrangements, agreements to dismiss, reduce, or refuse charges, formal and express agreements, implied, suggested, insinuated, inferred, or informal agreements, as well as agreements with the witness' spouse, relatives, friends and associations which tend to motivate the witness to testify for the prosecution in this case. It also includes any agreements made between the prosecution and the witness' lawyers, whether or not the agreement is known to the witness. Defendant further moves the Court to compel the prosecution to provide the exact and complete nature of the agreements, including aid, assistance, reward, compensation or benefit conferred, and

all documents, records, memoranda and notes reflecting said agreements.

## V.   Motion for Production of Witness Statements and Writings Used to Refresh the Witnesses' Recollection

The Defendant is entitled to any statement of a witness who has previously testified, if the statement is that of the same witness, if the statement is in the possession of the prosecution and if the statement relates to the subject matter of the witness' testimony. Texas Rules of Evidence 615. Defendant is further entitled to any writing used by a witness to refresh his memory, either before or during that testimony, regardless of authorship. Texas Rules of Evidence 612. The Defendant moves the Court to compel the prosecution to disclose any such witness statements no later than 30 days prior to trial.

## VI.   Motion for Disclosure of Prosecution's Testifying Expert Witnesses

The Defendant is entitled to the names and addresses of each of the prosecution's trial witnesses expected to present evidence under Texas Rules of Evidence 702, 703 and 705 (expert witnesses), pursuant to United States Constitution Amendments VI and XIV, Texas Constitution Article I, § 10 and Texas Code of Criminal Procedure Article 39.14. Defendant moves the Court to compel the prosecution in this case to disclose this information no later than 20 days prior to trial.

## VII.   Motion for Discovery of Exculpatory and Mitigating Evidence and Information that May Lead to Exculpatory and Mitigating Evidence

The Defendant is entitled to all potential exculpatory, mitigating and impeachment evidence in his case either in possession of the prosecution and/or any of its agents and others, the existence of which is known or may be known through the exercise of due diligence. Texas Code of Criminal Procedure Article 39.14 (h), United States Constitution Amendment XIV, *Brady v.*

*Maryland* 373 U.S. 83 (1963), *United States v. Bagley*, 473 U.S. 667 (1985), Texas Constitution Article I, §§ 13 and 19 and Texas Disciplinary Rules of Professional Conduct Rule 3.09(d). The Defendant moves the Court to compel the prosecution to disclose, no later than 30 days prior to trial, any and all potential exculpatory, mitigating and impeachment evidence.

If the Court elects to deny this motion, Defendant requests that the prosecution be ordered to present any such information for the Court's in camera review to determine its discoverability. If the Court persists in denying the motion, Defendant requests that the evidence be preserved as part of the appellate record. The items requested include, but are not limited to:

1. Any evidence which contradicts the testimony expected to be given by a witness during the trial;

2. Any major use of force paperwork, Office of the Inspector General paperwork, and/or other TDCJ-ID employee disciplinary reports relating to acts of the complaining witness and/or any witnesses testifying on behalf of the prosecution who have been employed by TDCJ-ID, which reflects negatively on the witnesses' credibility, motivation for testifying, or truthfulness. This evidence is material and exculpatory to the extent that it relates to witnesses' motives for testifying, their biases and prejudices against Defendant, and their credibility. *Giles v. Maryland*, 386 U.S. 66, 74 (1967), quoting *Napue v. Illinois*, 360 U.S. 264, 269 (1959); *Bagley*, 473 U.S. 667;

3. All statements of all persons, whether they have testified or not, who have been interviewed by the prosecution or any agent thereof and who have personal knowledge of facts of this cause that could be deemed favorable to Defendant, and/or relating to the issue of Defendant's legal culpability. *Brady*, 373 U.S. at 87; TEX. DISCIPLINARY R. PROF. CONDUCT 3.09(d); All photographs, and/or audio or visual recordings, and surveillance tapes that could have and/or did record the events alleged in the indictment. And, further, the Defendant specifically moves the court to order the preservation of such photographs and recordings;

4. Any and all evidence that a witness to be called by the prosecution during this trial has committed perjury or has previously made any statement or given any testimony that conflicts internally, and/or with the statements of other witnesses, and/or contradicts the testimony given by the witness during the trial of this cause;

5. Any use of force paperwork, Office of the Inspector General paperwork, and/or other TDCJ-ID employee disciplinary reports relating to acts of the complaining witness or any witnesses the prosecution intends to call at trial who have been employed by TDCJ-ID, any paperwork which reflects negatively on the witness's credibility, motivation for testifying, or truthfulness. This evidence is material and exculpatory to the extent that it relates to witnesses' motives for testifying, their biases and prejudices against Defendant, and their credibility. *Giles v. Maryland*, 386 U.S. 66, 74 (1967), quoting *Napue v. Illinois*, 360 U.S. 264, 269 (1959); *Bagley*, 473 U.S. 667;

6. All statements of all persons, whether they have testified previously or not, who have been interviewed by the prosecution or any agent thereof and who have personal knowledge of facts of this cause that could be deemed favorable to Defendant, and/or relating to the issue of Defendant's legal culpability. *Brady*, 373 U.S. at 87; TEX. DISCIPLINARY R. PROF. CONDUCT 3.09(d);

7. All exculpatory evidence and facts, known by the prosecution that have a bearing upon the guilt or innocence of Defendant, including but not limited to: evidence tending to incriminate any person other than, or in addition to, Defendant in the commission of the offense; all descriptions of the suspect that differ in any respect from the actual appearance or description of Defendant; and the identity of any person who identified a suspect other than, or in addition to, Defendant as the perpetrator of the offense. *Brady*, 373 U.S. 83;

8. All evidence and facts that have a bearing on the credibility of the prosecution's witnesses, including but not limited to: evidence that prosecution witnesses have suffered from and/or been treated for mental illness or impairment that may affect their ability to perceive, understand, or communicate things observed; and whether any potential witness for the prosecution has indicated deception to any question asked during a polygraph examination;

9. Any evidence of a pertinent character trait of the alleged complaining witness admissible under Texas Rule of Evidence 404(a);

10. All business records or governmental records expected to be introduced by the prosecution at trial.

**VIII.** **Motion for Preservation, Production,**

#### Inspection and Testing of Physical Evidence

Defendant moves the Court to order the prosecution to preserve and produce all items in the control and possession of the prosecution and its agents, for inspection and testing by Defendant, namely, his counsel, his investigators and his designated experts. This request includes all of the following nonexclusive items:

1. All items seized from the Defendant;

2. All items seized from any codefendant or accomplice;

3. All physical objects intended to be introduced as part of the prosecution's case;

4. All documents, photographs and investigative charts intended to be used by the prosecution at trial. This does not include jury aids prepared at the direction of the prosecutor;

5. All contraband, weapons, implements of criminal activity seized or acquired by the prosecution or any of the prosecution's agents in investigation of the alleged offense;

6. All tangible items recovered by the prosecution or its agents in the course of investigating the alleged offense, including but not limited to fingerprints, latent finger prints, fingernail scrapings, DNA evidence, hairs, fibers, bodily fluids, etc.

In support of this motion, Defendant would show that this evidence is material to his case, both in the guilt/innocence phase and the punishment phase, should one become necessary. The items either are or have been under the exclusive control of the prosecution and its agents since this alleged incident occurred and are essential to ensuring that the Defendant's rights are protected. These requests are essential to ensure that the Defendant has the right to a fair hearing, the right to confrontation, the right to effective assistance of counsel and the right to present a defense guaranteed by the United States Constitution Amendments VI and XIV and Texas Constitution Article I, §§ 10, 13 and 19.

### IX.   Motion for Preservation, Production, and Inspection of Tests, Forensic Reports and Scientific Evidence

Defendant requests the Court to order the prosecution to produce and permit undersigned defense counsel to inspect the following items related to tests, reports and scientific evidence:

1. All reports of scientific or analytical tests, experiments and comparisons and the name of each such person that made such report or performed such tests or comparisons. This includes, but is not limited to toxicology reports, blood tests, blood spatter, DNA,

forensic chemical reports purporting to identify unknown substances, cell phone analytics, internet data and metadata, and fingerprint evidence.

2.  This request includes both the summary of the findings as well as documents relating to the process of how those findings were attained. This includes laboratory bench notes and data mining for forensic analytic purposes.

3.  All medical reports, statements, photographs, recordings and other evidence associated with this case, including but not limited to evidence collected by TDCJ medical staff, "free world" medical staff, and/or medical examiner's offices.

4.  All medical and psychiatric reports submitted by any doctor, psychologist, therapist, or psychiatrist at the request of the prosecution or Court in conjunction with any examination of the Defendant, the complaining witness and all the prosecution's witnesses.

In support of this motion, Defendant would show that this evidence is material to his case, both in the guilt/innocence phase and the punishment phase, should one become necessary. The items either are or have been under the exclusive control of the prosecution and its agents since this alleged incident occurred and are essential to ensuring that the Defendant's rights are protected. These requests are essential to ensure that the Defendant has the right to a fair hearing, confrontation, effective assistance of counsel and the right to present a defense guaranteed by the United States Constitution Amendments VI and XIV, and Texas Constitution Article I, §§ 10, 13 and 19.

## X.   Motion that Defendant Not Be Tried in Jail Clothes or Restraints

The Defendant is currently under the supervision of the Institutional Division of the Texas Department of Criminal Justice, where he is required to wear the standard inmate garb of white clothing and four point restraints for all public appearances. The Defendant has the Constitutional right of the presumption of innocence and the right to trial by a fair, impartial and unbiased jury. Allowing the jury to view the Defendant in prison garb and restraints causes undue prejudice in

the minds of the jury such that the Defendant would be deprived of his above stated Constitutional rights. Therefore, the Defendant moves the Court to order that the jury be allowed to only see the Defendant dressed in street clothes and unbound by visible restraints.

### XI.   Motion for Reasonable Time to Conduct Voir Dire

The Defendant moves the Court to order a reasonable period of time within which to conduct voir dire examination of the jury panel in this case. In order to select a fair, impartial and unbiased jury, the Defendant requires a reasonable time to examine potential jurors to intelligently exercise his challenges. Specific, relevant and non-repetitious inquiries posed by the Defendant in voir dire include the background information of jurors, their fixed opinions on the issue of guilt, their beliefs based on rumor or media reports, their prejudices regarding the charged offense and/or other offenses charged previously against the Defendant, the nature of their prior jury service, biases against the law, racial and class prejudices, their opinions on the issue of punishment, their biases against inmates, and whether the jurors have themselves been victims of a crime. All of these inquiries require a reasonable amount of time to investigate.

### XII.   Motion for Leave to File Additional Motions

The Defendant moves the Court to permit the filing of additional, non-frivolous, pretrial motions pursuant to Texas Code of Criminal Procedure Article 28.01 et. seq. The Defendant further moves the Court to set any such motions for hearing prior to trial.

### XIII.   Defendant's Request for Jury Trial and
### Election of Jury for Punishment Assessment

Pursuant to Texas Code of Criminal Procedure Articles 1.05 and 1.12, Defendant makes an official demand for a jury trial. Additionally, pursuant to Texas Code of Criminal Procedure Article 37.07 Section 2(b), Defendant elects that should he be found guilty in this case, that

the punishment shall be assessed by the same jury which rendered the guilty verdict, with the understanding that Defendant reserves his right to request, prior to the commencement of voir dire, that the sitting Judge assess the punishment.

### XIV.   No Waiver of Rights

Nothing in this document should be construed by the Court as a waiver of the Defendant's rights under the Texas Code of Criminal Procedure Article 1.14, the United States Constitution or the Texas Constitution. Defendant does not waive any rights afforded to him by law.

Respectfully submitted:

STATE COUNSEL FOR OFFENDERS

Attorneys for Defendant

Jake Greenberg
Attorney for the Defendant
State Counsel for Offenders
Texas Bar No. 24110906
P. O. Box 4005
Huntsville, Texas 77342
Phone 936-437-5250
Fax (936) 437-5279
Jake.Greenberg@scfo.texas.gov

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing *Defendant's First Set of Pre-Trial Motions* has been served electronically upon Cindy Garner of the Special Prosecution Unit, at cgarner@sputexas.org on the 29 day of July, 2020

Jake Greenberg

CAUSE NO. 87CR-20-34556

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | ANDERSON COUNTY, TEXAS |
| | § | |
| JAMON NATHANIEL HESTAND | § | 87TH JUDICIAL DISTRICT |
| TDCJ NO. 01343536 | | |

O R D E R

BE IT REMEMBERED that on this date the foregoing *Defendant's First Set of Pre-Trial Motions* came for consideration and the Court, having duly considered the merits, hereby rules as follows:

1. Defendant's Motion for a Court Reporter to Record the Entire Proceedings is hereby:

    _____ GRANTED          _____ DENIED

    _____ GRANTED AS MODIFIED BY:

    _____

    _____

    _____

2. Defendant's Motion to Compel Endorsement of the Names of Grand Jury Witnesses is hereby:          _____ GRANTED          _____ DENIED

    _____ GRANTED AS MODIFIED BY:

    _____

    _____

    _____

3. Defendant's Motion to List the Names and Contact Information for Prosecution's Witnesses is hereby:          _____ GRANTED          _____ DENIED

    _____ GRANTED AS MODIFIED BY:

    _____

    _____

    _____

4. Defendant's Motion for Discovery of the Arrest and Conviction Records of the

Prosecution's Witnesses is hereby: _____ GRANTED _____ DENIED

_____ GRANTED AS MODIFIED BY:

_____

_____

_____

5.  Defendant's Motion to Compel the Prosecution to Disclose Agreements Between the

Prosecution and Its Witnesses is hereby: _____ GRANTED _____ DENIED

_____ GRANTED AS MODIFIED BY:

_____

_____

_____

6.  Defendant's Motion for Production of Witness Statements and Writings Used to

Refresh the Witnesses' Recollection is hereby:

_____ GRANTED _____ DENIED

_____ GRANTED AS MODIFIED BY:

_____

_____

_____

7.  Defendant's Motion for Disclosure of Prosecution's Testifying Expert Witnesses is

hereby:

_____ GRANTED _____ DENIED

_____ GRANTED AS MODIFIED BY:

_____

_____

_____

8.  Defendant's Motion for Disclosure Of Exculpatory and Mitigating Evidence and

Information That May Lead to Exculpatory And Mitigating Evidence is hereby:

_____ GRANTED _____ DENIED

_____ GRANTED AS MODIFIED BY:

_____

_____
_____

9. Defendant's Motion for Preservation, Production, Inspection and Testing of Physical Evidence is hereby:

        _____ GRANTED         _____ DENIED

        _____ GRANTED AS MODIFIED BY:

_____
_____
_____

10. Defendant's Motion for Preservation, Production and Inspection of Tests, Forensic Reports and Scientific Evidence is hereby:

        _____ GRANTED         _____ DENIED

        _____ GRANTED AS MODIFIED BY:

_____
_____
_____

11. Defendant's Motion That Defendant Not be Tried in Jail Clothes or Restraints is hereby:

        _____ GRANTED         _____DENIED

        _____ GRANTED AS MODIFIED BY:

_____
_____
_____

12. Defendant's Motion for Reasonable Time to Conduct Voir Dire is hereby:

        _____ GRANTED         _____DENIED

        _____ GRANTED AS MODIFIED BY:

_____
_____
_____

13. Defendant's Motion for Leave to File Additional Motions is hereby:

        \_\_\_\_\_ GRANTED        \_\_\_\_\_DENIED

        \_\_\_\_\_ GRANTED AS MODIFIED BY:

_____

_____

_____

14. Defendant's Request for Jury Trial and Election of Jury for Punishment Assessment

is hereby:

        \_\_\_\_\_ GRANTED        \_\_\_\_\_ DENIED

        \_\_\_\_\_ GRANTED AS MODIFIED BY:

_____

_____

_____

The above Orders were SIGNED and ENTERED on this \_\_\_\_\_ day of _____,

20\_\_.

_____

Presiding Judge

State Counsel for Offenders
P.O. Box 4005
Huntsville, TX 77340-4005

RO-081320

STATE COUNSEL FOR OFFENDERS

LEGAL MAIL FROM

12B - 44

Jamon Nathaniel Hestand, TDCJ#01343536
Michael Unit
2664 FM 2054
Tennessee Colony, TX 75886

U.S. POSTAGE >> PITNEY BOWES

ZIP 77320 $ 001.40°
02 1W
0001387404 JUL 30 2020