IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JAMON N. HESTAND, #01343536 | § | |
| VS. | § | CIVIL ACTION NO. 6:22cv006 |
| TDCJ INSPECTOR GENERAL, et al. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Jamon N. Hestand, an inmate confined at the Robertson Unit within the Texas Department of Criminal Justice (TDCJ) proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit. The case was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

The present Report and Recommendation concerns Hestand's motion for a preliminary injunction, (Dkt. #14). For reasons explained below, the Court recommends that the motion be denied.

## I. Hestand's Motion for a Preliminary Injunction

Hestand embedded what he now calls a "motion" inside a document he entitled "Memorandum of Law," (Dkt. #14, pg. 1). The Clerk of Court, therefore, docketed the pleading as a "Memorandum of Law." In the interests of justice and because Hestand is proceeding pro se, the Court will construe this memorandum of law as a motion for a preliminary injunction or temporary restraining order. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding that pro se pleadings are to be held to less stringent standards than formal pleadings drafted by lawyers).

Hestand maintains that "there is a mountain of serious violations of international, federal, and state law" that have occurred against him by the Defendants, (Dkt. #14, pg. 3). He states that

1

he is in continuous pain from physical injuries inflicted upon him by the Defendants, and he "does not feel good at all." He explains that he has chest pains from the enormous stress and that his blood pressure is regularly high; Hestand further states that he "need[s] the TRO granted and should not have to present any of this to Defendants after all they have done" to him because it is "madness" and "they are ruining his life." *Id*. Therefore, he states that he needs "them all restrained immediately," which should have been done long ago. *Id*.

In his attached affidavit, Hestand claims that Defendants have subjected him to an "outrageous campaign" of retaliation and harassment in a conspiracy against his constitutional rights. *Id*. at pg. 4. He complains that they have discriminated against him for his disabilities and have battered him viciously with serious injuries many times. Moreover, Hestand alleges that the Defendants are actively covering up their crimes and have extended their "evil web" into several departments within TDCJ. He explains that he has evidence in his possession, and that he has asked for protection against Defendants through the prison grievance process—to no avail. *Id*. at pg. 5. Hestand then asserts that his mail has been purposely obstructed and that he has requested a prison transfer, but he cannot "get any relief whatsoever." *Id*. at pg. 6.

Hestand requests a court hearing because he is in "pain, injured, disabled, ill minded, hurt, and left in a dangerous environment," and that his "main request" is to be placed in federal custody. He further states that the Michael Unit is "kept open with barely a skeleton crew of staff," but "leaders" are holding out for monetary interests. Hestand asserts that the disabled prisoners are not receiving psychiatric care, are being starved, and do not receive showers or psychiatric care.

## II.  Discussion and Analysis

A party seeking a preliminary injunction must establish four elements: (1) that there is a substantial likelihood the party will prevail on the merits; (2) that a substantial threat exists that

irreparable harm will result if the injunction is not granted; (3) that the threatened injury outweighs the threatened harm to the defendants; and (4) that the granting of the preliminary injunction will not disserve the public interest.  *See Opulent Life Church v. City of Holly Springs, Miss.*, 697 F.3d 279, 288 (5th Cir. 2012).  Relief should only be granted if the party seeking relief has clearly carried the burden of persuasion as to all four elements.  *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357, 363 (5th Cir. 2003).

The equitable injunctive power of federal courts will not be exercised save in exceptional cases to prevent irreparable injury which is clear and imminent.  *See Heath v. City of New Orleans*, 320 F.Supp. 545, 546 (E.D. La. 1970), *aff'd* 435 F.2d 1307 (5th Cir. 1971).  "Irreparable harm" means an injury which cannot be adequately addressed by a monetary award."  *Spiegel v. City of Houston*, 636 F.2d 997, 1001 (5th Cir. 1981).

Mere speculation or conclusory allegations of an irreparable injury is insufficient.  *Daniels Health Sciences, L.L.C. v. Vascular Health Sciences, L.L.C.*, 710 F.3d 579, 585 (5th Cir. 2013); *see also Lakedreams v. Taylor*, 932 F.2d 1103, 1107 (5th Cir. 1991) (conclusory allegations of irreparable harm do not entitled movant to injunctive relief); *Coleman v. Bank of New York Mellon*, 2013 WL 1187158 at *8 (N.D. Tex. Mar. 4, 2013) ("These unsupported, conclusory statements are insufficient to demonstrate entitlement to the extraordinary relief of a TRO and preliminary injunction."); *Mitchell v. Sizemore*, 2010 WL 457145 at *3 (E.D. Tex. Feb. 5, 2010) ("His vague and conclusory allegation that he is undergoing 'a number of problems' is insufficient to show entitlement to injunctive relief.").

Finally, principles of federalism weigh heavily against interference by federal courts through the issuance of preliminary injunctions against state or local agencies; the Supreme Court has stated that correctional administrators are to be accorded wide-ranging deference in their

adoption and execution of policies and practices that, in their judgment, are needed to preserve internal order and discipline and to maintain internal security.  *See Block v. Rutherford*, 468 U.S. 576, 584-85 (1984).  Consequently, the Court has noted that federal district courts are not to allow themselves to become "enmeshed in the minutiae of prison operations."  *Lewis v. Casey*, 518 U.S. 343, 362 (1996) (citing *Bell v. Wolfish*, 441 U.S. 520, 562 (1979)).  In other words, federal courts do not micromanage prison operations save exceptional circumstances.

Here, the conclusory nature of Hestand's motion warrants a recommendation to deny this motion. *See Hunt v. Bankers Trust Co.*, 646 F.Supp.59, 66 (N.D. Tex. 1986) (explaining that conclusory allegations are insufficient to merit preliminary injunctive relief). Hestand asserts that he has been subjected to retaliation, harassment, discrimination, property issues, and the obstruction of his mail. However, his motion is devoid of specifics and details concerning each of those matters. Hestand's statements that he has evidence in his possession, that he needs "them" restrained, and that "they are ruining his life" are conclusory and insufficient to satisfy the significant burden to obtain a preliminary injunction or a temporary restraining order. His conclusory statements fail to demonstrate, for example, that a substantial threat exists that irreparable harm will result if the injunction is not granted.

Hestand explains that he is in continuous pain, experiences high blood pressure, and is extremely stressed because of the acts allegedly committed by the Defendants. While unfortunate, without more, such statements do not show current immediate danger of irreparable harm going forward. *See, e.g.*, *Matez v. Foley*, 2020 WL 2926464, at *3 (N.D. Tex. June 3, 2020) ("In order to obtain equitable relief for past wrongs, a plaintiff must demonstrate either continuing harm or a real and immediate threat of repeated injury in the future.") (emphasis supplied).

To the extent that Hestand is expressing fear of future harm, the speculative nature of such a claim also does not satisfy the heightened burden necessary for the extraordinary relief of a preliminary injunction. *See, e.g.*, *Richie v. UTMB Hospital Galveston*, 2012 WL 12871940, at *2 (S.D. Tex. Oct. 18. 2012) ("Moreover, plaintiff's complaint that he will suffer irreparable harm is speculative only. Plaintiff's allegations of *potential* harm do not amount to constitutional violations, and in the absence of a constitutional violation, federal court are reluctant to interfere in the internal affairs of local jails or state prisons."); *Balentine v. Brako*, 2021 WL 5256601, at *6 (S.D. Tex. May 7, 2021) ("While Plaintiff indicates he is likely to suffer serious injury if not returned to safekeeping status, such complaints of irreparable harm are speculative at best. As noted above, Plaintiff has provided the Court with no indication that he is currently at risk of imminent injury while housed at the Stringfellow Unit."). Accordingly, Hestand failed to show that a substantial threat exists that irreparable harm will result if the injunction is not granted. Because he has not satisfied one of the essential elements, the Court declines to address the remaining three factors.

<u>RECOMMENDATION</u>

Accordingly, it is recommended that Plaintiff's "memorandum of law," (Dkt. #14), construed as a motion a preliminary injunction/temporary restraining order, be denied.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to

factual findings and legal conclusions accepted and adopted by the district court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So ORDERED and SIGNED this 17th day of March, 2022.

K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE