IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JAMON N. HESTAND, #01343536 | § | |
| VS. | § | CIVIL ACTION NO. 6:22cv006 |
| TDCJ INSPECTOR GENERAL, et al. | § | |

ORDER FOR RULE 7 REPLY

Before the Court is Plaintiff's civil rights lawsuit pursuant to 42 U.S.C. § 1983. Plaintiff filed this lawsuit against more than one hundred officials of the Texas Department of Criminal Justice, Correctional Institutions Division alleging violations of his constitutional rights. The Fifth Circuit has held that where a plaintiff sues a public official under 42 U.S.C. §1983, the district court must insist on a heightened pleading by the plaintiff. *See Morin v. Caire*, 77 F.3d 116, 121 (5th Cir. 1996).

This requirement may be satisfied by a detailed Rule 7 reply, which the district court can order on the defendants' motion or *sua sponte*. *See Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). Heightened pleading requires allegations of fact focusing specifically on the conduct of the individuals who caused the plaintiff's injury. *Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir. 1999). Plaintiffs suing government officials in their individual capacities must allege specific conduct giving rise to a constitutional violation. *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002); *see also Gonzalez v. Kay*, 677 F.3d 600, 603 (5th Cir. 2009) (factual allegations must be enough to raise a right to relief above the speculative level; to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face, allowing the court to draw the reasonable inference that the defendant is liable for the misconduct alleged).

Moreover, it appears that Plaintiff may be improperly joining unrelated claims in a single lawsuit. A prisoner's claims are not properly joined in a single lawsuit simply because they all arise in prison. The United States Court of Appeals for the Seventh Circuit has explained why such improper joinder is impermissible:

> The controlling principle appears in Fed. R. Civ. P. 18(a): "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits . . . to prevent the sort of morass that this 50-claim, 24-defendant suit produced[.]

*George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also Bonner v. Bosworth*, 2010 WL 11534476, at *1-2 (N.D. Tex. Nov. 30, 2010), *report and recommendation adopted*, 2011 WL 13199228 (N.D. Tex. May 2, 2011) ("Requiring parties to assert unrelated claims against different defendants in separate complaints avoids unduly cumbersome litigation.").

Misjoinder is not grounds for dismissal of an entire lawsuit, but the Federal Rules of Civil Procedure authorize district courts to "on just terms, add or drop a party" *sua sponte* or to "sever any claim against any party." Fed. R. Civ. P. 21.

Accordingly, if Plaintiff Hestand's claims are unrelated and this defect is not cured, it would be within the Court's discretion to select one of Plaintiff's several claims to review in this case and simply sever or dismiss the rest without prejudice. *See, e.g.*, *Daker v. Head*, 730 F. App'x 765, 768 (11th Cir. 2018) ("Even though it appears that Daker asserted unrelated claims against unrelated defendants, the district court should have exercised its authority under Rule 21 sua sponte to dismiss improper defendants and sever unrelated claims."), *accord Shafer v. Davis*, 2020 WL 6489094, at *6 (S.D. Tex. Nov. 4, 2020) (explaining that "[b]y alleging unrelated occurrences or transactions against different prison officials, Plaintiff's complaint does not comport with Rule 18

and Rule 20 of the Federal Rules of Civil Procedure" and reviewing only "Group One" claims with instruction to the plaintiff that he must pursue the remaining claims in separate civil actions subject to separate filing fees). The Court has reviewed the pleadings in this case and has determined that a Rule 7 response should be required. Therefore, it is

**ORDERED** that Plaintiff Hestand shall file an amended pleading alleging specific facts that both allow the court to draw the reasonable inference that the individual defendants are liable for the harm alleged and that defeat a qualified immunity defense with equal specificity. *See Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012). This amended pleading shall be filed no later than April 22, 2022, be written in a legible manner on a standard section 1983 lawsuit form, and shall set out the following:

1. A <u>concise</u> statement of each of the claims which Plaintiff wishes to raise, together with the facts giving rise to each of these claims, including the dates of occurrences of these events, if known.
2. A concise statement of when and where Plaintiff interacted with <u>each defendant</u> and how that specific defendant is responsible for any alleged violation of rights.
3. A statement showing how each named defendant is involved in the facts forming the basis of the lawsuit.
4. The harm suffered as a result of each defendant's alleged actions forming the basis of this lawsuit.
5. The specific relief sought in this lawsuit.

This amended complaint shall not exceed 30 pages in length excluding attachments. Local Rule CV-3(d). A table of contents and table of authorities shall not be required. The Clerk shall send a standard section 1983 lawsuit form for Plaintiff's use in preparing this amended complaint.

The Plaintiff shall ensure that his case number, 6:22cv006, appears prominently on the front page of the form. Plaintiff is hereby placed on notice that the failure to file an amended pleading which complies with this order may lead to the dismissal of the lawsuit for failure to prosecute or to obey any order of the Court. Fed. R. Civ. P. 41(b). Finally, it is

    **ORDERED** that the Clerk of Court shall not accept any filings from Plaintiff Hestand—except for any objections to any Report and Recommendation, a motion for an extension of time, or a notice of a change of address—until Plaintiff Hestand files his amended complaint pursuant to this order.

So ORDERED and SIGNED this 17th day of March, 2022.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE