UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:22-cv-00006

**Jamon Hestand,**
*Plaintiff,*

v.

**TDCJ Inspector General et al.,**
*Defendants.*

# ORDER

Plaintiff Jamon Hestand, an inmate confined in the Texas Department of Criminal Justice proceeding pro se and *in forma pauperis*, filed this lawsuit pursuant to 42 U.S.C. § 1983. This case was referred to United States Magistrate Judge K. Nicole Mitchell. The magistrate judge issued an order denying plaintiff's motion for the appointment of counsel, as well as an order denying—as premature—plaintiff's motion for service of summons. Plaintiff filed timely objections to both orders. Doc. 47.

Federal Rule of Civil Procedure 72(a) provides that a party may serve and file objections to a non-dispositive order of the magistrate judge within fourteen days after being served a copy, and that the district judge to whom the case is assigned shall consider such objections and modify any portion of the magistrate judge's order found to be "clearly erroneous or contrary to law."

Plaintiff states that he understands that the appointment of counsel is discretionary; however, he insists that such denial shows misconduct and is an abuse of discretion because "federal law is subject to a strict code of ethics & rules." Doc. 47 at 1. He also asserts that the defendants "help each other" to "evade service." *Id.*

Moreover, plaintiff maintains that the court is "for no good reason" ignoring document number fourteen, which plaintiff entitled "Memorandum of Law" and filed with hand-written proposed orders, but now insists is a motion for a preliminary

injunction/temporary restraining order. *Id.* The magistrate judge, however, recently issued a report (Doc. 49) addressing plaintiff's embedded motion for a preliminary injunction within plaintiff's "Memorandum of Law."

Having conducted a careful de novo review of these objections and the magistrate judge's orders, the court concludes that the magistrate judge's orders (Docs. 31, 32) are neither erroneous nor contrary to law. Therefore, it is ordered that plaintiff's objections pursuant to Rule 72(a) (Doc. 47) are without merit and, therefore, are overruled.

*So ordered by the court on March 23, 2022.*

J. CAMPBELL BARKER
United States District Judge