UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

———

No. 6:22-cv-00006

———

**Jamon Hestand,**
*Plaintiff,*

v.

**TDCJ Inspector General et al.,**
*Defendants.*

———

## ORDER OVERRULING OBJECTIONS

Plaintiff Jamon Hestand, an inmate confined in the Texas Department of Criminal Justice ("TDCJ") proceeding pro se and *in forma pauperis*, filed this civil-rights lawsuit. He sued more than 100 defendants within the TDCJ, the Office of Inspector General ("OIG"), and the University of Texas Medical Branch ("UTMB") for a wide range of alleged constitutional violations. This case was referred to United States Magistrate Judge K. Nicole Mitchell. Doc. 3. The magistrate judge issued an order sua sponte directing plaintiff to file a Rule 7 reply no later than April 22, 2022. Doc. 50. Plaintiff filed timely objections to the order. Doc. 53.

Federal Rule of Civil Procedure 72(a) provides that a party may serve and file objections to a non-dispositive order of the magistrate judge within fourteen days after being served a copy, and that the district judge to whom the case is assigned shall consider such objections and modify any portion of the magistrate judge's order found to be "clearly erroneous or contrary to law."

Plaintiff states that he objects to "all orders" within the order because such order is unlawful and "show[s] extreme favoritism for the Defendants," which "subjects [him] and other incarcerated persons involved in this case to very grave injustice very deliberately to obstruct justice for all the human & civil rights violations along with hundreds of felony & misdemeanor crimes committed by Defendants and their Affiliates against me." Doc.

53 at 1. He insists that his evidence is "reveal[ed] exactly" throughout his filed pleadings and that he alleges how every defendant is personally involved in "graphic detail." *Id.* at 1–2.

Moreover, plaintiff contends that "[a] 'Rule 7' reply of the 'Federal Rules of Civil Procedure' has nothing to do with the current status of this case" and that this court is deliberately interfering with summons. *Id.* at 3. Plaintiff further remarks that "a magistrate judge is not even supposed to be making any orders" like this, which is "egregious." *Id.* Plaintiff also maintains that the magistrate judge is related to Alyson Mitchell, District Attorney, which is grounds for disqualification. *Id.* Finally, plaintiff implies that he is entitled to "free joinder of claims." *Id.* at 4.

Plaintiff's objections are overruled. A district court has the discretion to order a Rule 7 reply sua sponte—which assists the court in determining whether a plaintiff has adequately alleged facts in support of claims to pass the pleadings stage. *Truvia v. Julien*, 187 F. App'x 346, 349 (5th Cir. 2006). This is a long-settled principle. *Morin v. Caire*, 77 F.3d 116, 121 (5th Cir. 1996) ("In a recent *en banc* opinion, *Shultea v. Wood*, this court determined that when a plaintiff sues a public official under § 1983, the district court must insist on heightened pleading by the plaintiff."); *Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir. 1999) ("Heightened pleading requires allegations of fact focusing specifically on the conduct of the individual who caused the plaintiff's injury.").

Because plaintiff is suing over 100 public officials alleging, among other things, a wide-ranging conspiracy against him, the magistrate judge could have ordered plaintiff to file a more definite statement. *See Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir. 1995) ("The power of the district court to satisfy itself that an action filed *in forma pauperis* is not frivolous or malicious is granted by 28 U.S.C. § 1915(d). A district court need not await any responsive pleading to conduct its inquiry.") (internal citation omitted). Accordingly, given plaintiff's initial complaint does not

contain a "short and plain statement," the magistrate judge did not err in directing plaintiff to file an amended pleading. *See Thrasher v. Amarillo Police Dept.*, 346 F. App'x 991, 992 (5th Cir. 2009) (explaining that "this court has repeatedly held that conclusory statements of the type found in Thrasher's brief, such as '[a]ll of my pleadings and motions … will speak easily for themselves, and easily prove my claims and complaint are for real and valid,' are insufficient even for a pro se appellant."). In the interests of justice, however, the court will grant plaintiff additional time in which to file his amended pleading.

To the extent plaintiff seeks recusal of the magistrate judge, his unsupported claim that the magistrate judge is related to any witness or party in the case is meritless and patently untrue. Such objection is overruled.

With respect to plaintiff's "free joinder" claim, the court notes that plaintiff is relying on "efficient joinder;" however, his conclusory allegations that all defendants are part of a conspiracy is not sufficient to make the joinder of such an unwieldy number of defendants and claims proper. *See In re EMC Corp.*, 667 F.3d 1351, 1360 (5th Cir. 2012) (explaining that "even if a plaintiff's claims arise out of the same transaction and there are questions of law and fact common to all defendants, 'district courts have the discretion to refuse joinder in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness.'").

Having conducted a careful de novo review of the objections in this cause and a review of the magistrate judge's order, the court concludes that the magistrate judge's order directing plaintiff to file an amended pleading (Doc. 50) is neither erroneous nor contrary to law. Therefore, it is ordered that plaintiff's objections (Doc. 53) pursuant to Rule 72(a) are without merit and are overruled. Plaintiff shall file his amended pleading, as previously ordered, no later than May 31, 2022. Failure to comply may result in the dismissal of this lawsuit.

*So ordered by the court on May 2, 2022.*

J. CAMPBELL BARKER
United States District Judge