UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:22-cv-00006

**Jamon Hestand,**
*Plaintiff,*

v.

**TDCJ Inspector General et al.,**
*Defendants.*

# ORDER DENYING IFP STATUS ON APPEAL

Plaintiff Jamon Hestand, an inmate confined in the Texas Department of Criminal Justice ("TDCJ") proceeding pro se and *in forma pauperis* ("IFP"), filed this civil-rights lawsuit. He sues more than 100 defendants within the TDCJ, Office of Inspector General, and the University of Texas Medical Branch for a wide-range of alleged constitutional violations. This case was referred to United States Magistrate Judge K. Nicole Mitchell. Now before the court is plaintiff's motion for leave to appeal IFP. Doc. 61. For several reasons, the motion is denied.

Plaintiff is appealing the court's order (Doc. 51) overruling plaintiff's objections to the magistrate judge's orders denying (1) plaintiff's motion for service, which was denied as premature and (2) plaintiff's motion for the appointment of counsel, which was denied subject to reconsideration. Docs. 31, 32. By separate and subsequent notice of appeal, plaintiff is also appealing the court's order (Doc. 57) which overruled plaintiff's objections to the magistrate judge's order for an amended pleading and further ordered plaintiff to file his amended pleading no later than May 31, 2022. Doc. 50. The first two orders of the magistrate judge denied plaintiff's motions as premature—orders which do not foreclose the issues. Moreover, in overruling plaintiff's objections to filing an amended pleading, the court explained that it is well-

settled that the district court need not await any responsive pleading to conduct its inquiry.

28 U.S.C. § 1915(a)(3) provides that leave to proceed *in forma pauperis* on appeal shall be denied if the district court determines that the appeal is not taken in good faith—in other words, if the appeal fails to present a non-frivolous issue. *Coppedge v. United States*, 369 U.S. 438 (1962); *United States v. Benitez*, 405 F. App'x 930 (5th Cir. 2010). An action is frivolous where there is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319 (1989).

Similarly, under Federal Rule of Appellate Procedure 24(a)(3)(A), the appellant is ineligible for *in forma pauperis* status if the court certifies that the appeal is not taken in "good faith." If the district court finds no "legal points arguable on the merits," then an appeal is not taken in "good faith." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

Plaintiff filed two interlocutory appeals, as plaintiff is appealing decisions that are not final. The Fifth Circuit, in general, has jurisdiction over "appeals from all final decisions of the district courts." *Bush v. Keith*, 129 F. App'x 108, 109 (5th Cir. 2005); *see also* 28 U.S.C. § 1291. The collateral order doctrine recognizes that some orders are immediately appealable pursuant to § 1291 because they are "final in effect although they do not dispose of the litigation." *All Plaintiffs v. Transocean Offshore Deepwater Drilling, Inc.*, 505 F. App'x 355, 357 (5th Cir. 2013) (internal citations omitted). To fall within such doctrine, among other factors, the challenged order must "be effectively unreviewable on appeal from a final judgment." *Id*.

Here, the orders on appeal (Docs. 51, 57) cannot be characterized as "effectively unreviewable on appeal from a final judgment"—particularly because the court simply ordered an amended complaint and the two other orders noted that plaintiff's requests were subject to reconsideration. *See Starkey v. Collier*, 2022 WL 1117105, at *1 (5th Cir. Apr. 14, 2022) ("The

district court has yet to issue any dispositive orders or judgments on Starkey's claims, and so we have no final decision to review.").

Moreover, an order to amend is not appealable. *Id.*; *see also Levy v. SEC.*, 405 F.2d 484, 486 (5th Cir. 1968) (holding order granting leave to amend is "not an appealable order, since no final judgment has been entered").

Because plaintiff has not received leave to take an interlocutory appeal and the orders appealed have not been certified as final, these appeals present no non-frivolous issues— as the orders are not final and therefore not appealable at this time. *See* 28 U.S.C. § 1291. Plaintiff has presented no non-frivolous grounds upon which to appeal non-appealable orders. Consequently, the court certifies that the appeals are not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A); *Baugh v. Taylor*, 117 F.3d 197, 202 n.21 (5th Cir. 1997). Therefore, plaintiff's motion for leave to proceed IFP on appeal (Doc. 61) is denied.

*Baugh* holds that where a district court certifies that an appeal is not taken in good faith, the appellant may, within the time prescribed by Appellate Rule 4, either pay the full filing fee and any relevant costs or contest the certification decision by filing a separate motion to proceed IFP on appeal with the clerk of court for the Court of Appeals for the Fifth Circuit, within 30 days of the order. If the appellant contests the certification decision and the appellate IFP certification is secured, this motion shall be deemed to be a timely notice of appeal.

Should plaintiff challenge the district court's certification that the appeal was not taken in good faith, the motion must be directed solely to the district court's reason for this certification. This motion and deemed notice of appeal shall be a filing for purposes of the Prison Litigation Reform Act and will trigger the financial screening and assessment procedures of the Act. *Baugh*, 117 F.3d at 202. Thus, if the plaintiff moves to proceed on appeal *in forma pauperis* with the Fifth Circuit, the prison authorities will be directed to collect the fees as calculated in this order.

Appellant Hestand, TDCJ No. 01343536, is assessed an initial partial appellate filing fee of $0.00. The total appellate filing fee due is $505.00. Appellant shall pay the sum of $505.00 in periodic installments. Appellant is required to make payments of 20% of the preceding month's income credited to the appellant's prison account until appellant has paid the total filing fee of $505.00. The agency having custody of the prisoner shall collect this amount from the trust fund account or institutional equivalent when funds are available and when permitted by 28 U.S.C. § 1915(b)(2) and forward it to the clerk of the district court.

If appellant moves to proceed on appeal *in forma pauperis* with the Fifth Circuit, the clerk shall mail a copy of this order to the inmate accounting office or other persons or entity with responsibility for collecting and remitting to the district court interim filing payments on behalf of prisoners, as designated by the facility in which the prisoner is currently or subsequently confined.

*So ordered by the court on July 19, 2022.*

J. CAMPBELL BARKER
United States District Judge