# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
October 3, 2022
Lyle W. Cayce
Clerk

No. 22-40236

Jamon Hestand,

*Plaintiff—Appellant*,

*versus*

Office of the Inspector General; Officer Curtis D. Bitz; Officer Candace Stevick; OIG Officers Unknown Person; Investigator I-0964 Unknown Person,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:22-CV-6

Before Clement, Southwick, and Higginson, *Circuit Judges*.

Per Curiam:

    This court must examine the basis of its jurisdiction, on its own motion if necessary. *Hill v. City of Seven Points*, 230 F.3d 167, 169 (5th Cir. 2000). In this 42 U.S.C. § 1983 civil rights case, Plaintiff has filed *pro se* notices of appeal from district court orders denying as premature motions for service and appointment of counsel and ordering amendment of the complaint.

No. 22-40236

"Federal appellate courts have jurisdiction over appeals only from (1) a final decision under 28 U.S.C. § 1291; (2) a decision that is deemed final due to jurisprudential exception or that has been properly certified as final pursuant to Fed. R. Civ. P. 54(b); and (3) interlocutory orders that fall into specific classes, 28 U.S.C. § 1292(a), or that have been properly certified for appeal by the district court, 28 U.S.C. § 1292(b)." *Askanase v. Livingwell, Inc.*, 981 F.2d 807, 809-10 (5th Cir. 1993). The district court's order denying a motion for service as premature is not a final or otherwise appealable order. The same is true for the order denying appointment of counsel. *See Williams v. Catoe*, 946 F.3d 278, 279 (5th Cir. 2020) (en banc). Likewise, the order requiring amendment of the complaint is not a final judgment or otherwise appealable order. *See Wallace v. County of Comal*, 400 F.3d 284, 291 (5th Cir. 2005).

Accordingly, the appeal is DISMISSED for want of jurisdiction. All pending motions are DENIED.