IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JAMON N. HESTAND, #01343536 | § | |
| VS. | § | CIVIL ACTION NO. 6:22cv006 |
| TDCJ INSPECTOR GENERAL, et al. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Jamon N. Hestand, an inmate confined at the Robertson Unit within the Texas Department of Criminal Justice (TDCJ) proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit. The case was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case. For the following reasons, based on Plaintiff's contumacious conduct, the undersigned recommends that this case be dismissed, with prejudice, for Plaintiff's willful failure to comply with an order of the Court.

**I. Procedural History**

Plaintiff Hestand, through counsel, initiated a civil rights lawsuit in this Court on February 13, 2020, in case number 6:20cv071. After failing to serve the Defendants for over a year, on November 5, 2021, District Judge Jeremy D. Kernodle dismissed the lawsuit, without prejudice, and suspended the statute of limitations for sixty days from the date of Final Judgment. *See* 6:20cv071, Dkt. ##50, 51. Plaintiff Hestand filed a pro se motion to extend the statute of limitations, as Plaintiff explained (1) that he no longer was represented by counsel, (2) previous counsel only recently returned his case file, and (3) he was in the midst of drafting a new complaint and filing a motion for leave to proceed *in forma pauperis*. Judge Kernodle granted Hestand's

1

motion, extending the limitations period for an additional thirty days so that he could complete his pro se complaint, (Dkt. #60, 6:20cv071).

On January 1, 2022, Hestand filed his pro se complaint in case number 6:22cv006, (Dkt. #1). The initial complaint sues over 103 public officials and totals 49 pages[1], single-spaced, without the subsequent memorandum of law, and includes 149 paragraphs. The undersigned granted Hestand's motion for leave to proceed *in forma pauperis*, (Dkt. #5), and ordered an initial, partial fee of $100.00. Hestand submitted the initial fee on February 2, 2022, and soon thereafter filed a motion for summons and motion for the appointment of counsel, (Dkt. ##31, 32). The undersigned explained that the Court was screening his complaint under 28 U.S.C. § 1915A, denied the motion for summons as premature, and denied the motion for the appointment of counsel—subject to reconsideration, (Dkt. #32).

Hestand objected to both orders under Rule 72(a) of the Federal Rules of Civil Procedure requesting that District Judge Barker modify both orders, (Dkt. #47). On March 23, 2022, Judge Barker denied Hestand's motion—determining that the orders were neither erroneous nor contrary to law, (Dkt. #51).

The Court further warned Hestand about improper joinder and ordered him to file an amended pleading no later than April 22, 2022, and to set out the following: (1) a concise statement of each of the claims which Plaintiff wishes to raise, together with the facts giving rise to each of these claims, including the dates of occurrences of these events, if known; (2) a concise statement of when and where Plaintiff interacted with each defendant and how that specific defendant is responsible for any alleged violation of rights; (3) a statement showing how each named defendant is involved in the facts forming the basis of the lawsuit, (4) the harm suffered as a result of each

---

[1] The Local Rules of the Eastern District of Texas place a 30-page limit on initial pleadings. *See* Local Rule CV-3(d).

defendant's alleged actions forming the basis of this lawsuit; and (5) the specific relief sought in his lawsuit. Hestand was warned that the failure to comply with the order to amend may result in the dismissal of his lawsuit, (Dkt. #50).

On April 3, 2022, Hestand objected to the order to amend under Rule 72(a), (Dkt. #53). Judge Barker overruled Hestand's objections on May 2, 2022, explaining that the Court need not await a responsive pleading before conducting its review of a complaint, that Hestand's initial complaint failed to contain a short and plain statement and, consequently, that no error existed in ordering an amended complaint, (Dkt. #57, pg. 2). Judge Barker ordered Hestand to file his amended pleading no later than May 31, 2022—warning him that the failure to do so may result in the dismissal of the lawsuit. *Id*. at pg. 3.

Hestand filed two notices of appeal, (Dkt. ##56, 59), to the United States Court of Appeals for the Fifth Circuit. Hestand appealed Judge Barker's orders, (Dkt. #51, 57), overruling his objections to (1) the order denying his motion for the appointment of counsel, (2) the order denying his motion for service of summons, and (3) the order directing his to file an amended pleading no later than May 31, 2022.

In denying Hestand's motion for leave to appeal *in forma pauperis*, (Dkt. #62), Judge Barker explained that Hestand's appeals were not taken in good faith. Specifically, Judge Barker highlighted that the undersigned's original orders denied Hestand's motions as premature—and thus did not foreclose the issues. Furthermore, Judge Barker explained that the orders on appeal were not final and not appealable. Consequently, the Court denied the motion to proceed *in forma pauperis* on appeal and certified that the appeals were not taken in good faith.

On October 3, 2022—approximately 125 days after the deadline of May 31, 2022—the Fifth Circuit agreed in case number 22-40236. In dismissing Hestand's appeals, (Dkt. #67), the

Fifth Circuit specifically explained that all three of the orders appealed were not final or otherwise appealable orders.

After receiving notice of the Fifth Circuit's dismissal of Hestand's appeal, on October 3, 2022, the undersigned issued an order directing Hestand to file his amended pleading no later than November 2, 2022, (Dkt. #69). Reminding Hestand that he was previously directed to amend his complaint by April and May 2022, respectively, the undersigned explained that he should not expect additional extensions of time. The order again warned him that the failure to comply may result in the dismissal of his lawsuit.

In his motion for rehearing to the Fifth Circuit, dated October 26, 2022, Hestand insisted that he has no intention of filing an amended complaint, explicitly stating "it's not my intention to amend my complaint like the District Court is trying to get me to do (in Docket #'s 50, 57, 69)." *See* case no. 22-40236, October 31, 2022 docket entry, document no. 00516531315, Petition for Rehearing *En Banc*, pg. 12.

He recounted each of the five directions in the original order to amend—arguing to the Fifth Circuit that "he already done" so. Hestand insisted that the next step in his lawsuit is summons and "**not** an order to amend," the latter of which he characterizes as "obstruction of justice." *Id*. at pg. 12. Hestand launched disparaging questions at Deputy Clerks and several Circuit Judges at the Fifth Circuit. The Fifth Circuit explained to Hestand in a letter that "no action would be taken" on his petition because it was untimely and denied the motion to stay the mandate on November 1, 2022.

**II. Legal Standards**

A district court may dismiss an action for the failure of a litigant to prosecute or to comply with any order of the court. Fed. R. Civ. P. 41(b); *see also McCullough v. Lynaugh*, 835 F.2d

4

1126, 1127 (5th Cir. 1988) ("The court possesses the inherent authority to dismiss the action *sua sponte*, without motion by a defendant."). The district court has both specific and inherent power to control its own docket "to control the disposition of the causes on its docket with economy of time." *See U.S. v Colomb*, 419 F.3d 292, 299 (5th Cir. 2005); *see also Miller v. Thaler*, 434 F. App'x 420, 421 (5th Cir. 2011) (unpublished).

While the district court has broad discretion to control its docket, the scope of that discretion is limited when a dismissal for the failure to comply with a court order is with prejudice or when a statute of limitations would bar the re-prosecution of a suit dismissed without prejudice under Rule 41(b). *See Dunn v. Farrell*, 598 F. App'x 332, 333 (5th Cir. 2015) (unpublished). A dismissal with prejudice is a harsh sanction. As the Fifth Circuit Court of Appeals explains:

> A dismissal with prejudice is an extreme sanction that deprives the litigant of the opportunity to pursue his claims. Consequently, this Court has limited the district court's discretion in dismissing cases with prejudice. We will affirm dismissals with prejudice for failure to prosecute only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, (2) the district court expressly determined that lesser sanctions would not prompt diligent prosecution, or the records shows that the district court employed lesser sanctions that proved to be futile. Additionally, in most cases where this Court has affirmed dismissals with prejudice, we found at least one of three aggravating factors: (1) delay caused by the plaintiff himself and not his attorney (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.

*Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

The Fifth Circuit has repeatedly affirmed such dismissals where a plaintiff engages in contumacious conduct such as the willful, intentional, and deliberate failure to comply with an order of the district court. *Id.*; *see also Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 519 (5th Cir. 2006) (finding an intentional delay was an aggravating factor warranting a dismissal); *American Inmate Paralegal Assoc. v. Cline*, 859 F.2d 59, 61 (5th Cir. 1988) ("In light of the lack of merit of appellants' typewriter argument, the fact that appellants' refusal to comply with the court's order [to amend] was intentional, and considering that the magistrate judge granted

appellants' requests for extensions of time in which to file an amended complaint, dismissal under 41(b) was within the court's discretion."); *Moore v. CCSI, Inc.*, 2022 WL 2443467, at *2 (S.D. Miss. Mar. 2, 2022) ("Plaintiff's failure to prosecute and comply with the Court's orders is directly attributable to her rather than her counsel, and Plaintiff has been repeatedly warned that a dismissal with prejudice may be coming."); *Ross v. Harrison Cnty. Police Dep't*, 2022 WL 4241274, at *3 (S.D. Miss. Sept. 14, 2022) (dismissing a pro se section 1983 lawsuit where "despite his ability, [the plaintiff] has contumaciously refused to comply with the Court's explicit directive.").

Dunn, a Texas prisoner, filed a civil rights lawsuit. The district court ordered Dunn to file "an amended complaint setting forth details of his own claims and the district court warned him that the failure to file an amended complaint would result in dismissal." *Dunn*, 598 F. App'x at 333. Rather than filing his amended complaint, Dunn continued to file pleadings on behalf of a group of plaintiffs and a motion for class certification. *Id*. The district court denied his motion and dismissed the complaint, without prejudice, for want of prosecution—but did not address the statute of limitations.

The Fifth Circuit affirmed the dismissal, explicitly ruling that it could not determine whether the statute of limitations would bar re-prosecution of Dunn's lawsuit. However, the court highlighted Dunn's refusal to comply with the district court's explicit directive that he file an amended complaint and that the district court had warned him that a dismissal could occur if he failed to comply. *Id*. The court specifically found that, because Dunn had the ability to file numerous other pleadings, his failure to file an amended complaint as ordered was willful and intentional. *Id*. ("Given Dunn's ability to file numerous other pleadings in the district court in the relevant time frame, his failure to comply with the district court's orders instructing him to file

pleadings that set forth his claims appears to be willful and intentional rather than based upon a misunderstanding of the type of pleadings the district court required.")

In other words, even if the statute of limitations would bar the re-prosecution of Dunn's lawsuit and render the dismissal a de facto dismissal with prejudice, Dunn's willful and intentional refusal to comply with an order of the district court constituted contumacious conduct that warranted such a sanction. *Id*.

Here, Hestand's actions are perhaps more egregious than Dunn's. The undersigned first ordered Hestand to file an amended pleading on March 17, 2022, (Dkt. #50). He was instructed to file his amended pleading no later than April 22, 2022—and specifically warned that the failure to do so may result in the dismissal of his lawsuit. Judge Barker subsequently overruled Hestand's objections to the order on April 11, 2022, and provided him additional time through May 31, 2022, to file his amended complaint, (Dkt. #57). The Clerk of Court mailed Hestand a blank copy of a section 1983 form to him so that he could easily fill it out and return it to the Court.

As mentioned, Hestand appealed Judge Barker's orders to the Fifth Circuit in May 2022. In his order denying Hestand *in forma pauperis* status on appeal, Judge Barker explained that a district court's order directing a plaintiff to amend his complaint was not an appealable order. The Fifth Circuit agreed and swiftly dismissed his appeal for lack of jurisdiction. After the Fifth Circuit dismissed the appeal, the undersigned once again ordered Hestand to file his amended complaint no later than November 2, 2022—and explicitly warned him again that the failure to comply may result in the dismissal of his case.

Hestand has not filed an amended pleading and has explicitly stated that he has no intention of complying with this Court's orders. In his filing to the Fifth Circuit dated October 26, 2022— one week before his amended complaint was due—Hestand established his understanding of the

Court's requirements but made statements—"If I amend my complaint the way they want," "I stand on my complaint," "The orders to amend my complaint are in fact unlawful!"—demonstrating his intention to fail to comply. *See* case no. 22-40236, document no. 00516531315, pg. 15. Hestand's statements and behavior illustrate his disrespect for the judiciary and the rule of law.

As in *Dunn*, Hestand filed numerous pleadings in this Court and the Fifth Circuit during the interim, all while he could have been drafting his amended complaint. Moreover, Hestand explicitly recognized that both the undersigned and Judge Barker warned him that the failure to comply may result in the dismissal of his complaint. *Id*. at pg. 12. But he continues to refuse to file an amended pleading. Hestand's own statements—coupled with his ability to file numerous other pleadings in both this Court and the Fifth Circuit—evince his contumacious conduct through the intentional, deliberate, and willful failure to comply with an order of this Court. Hestand's amended pleading was first due in April 2022 and it is now November 2022. This is an intentional and deliberate delay caused by Hestand that cannot stand.

The Court further determines that no lesser sanction is appropriate here. Monetary sanctions are inadequate because Hestand is indigent, (Dkt. #20). Any Rule 11 sanctions or admonishments would be futile given Hestand's explicit intentions coupled with his disrespect for the judiciary. Perhaps there is no better example of contumacious conduct than when a plaintiff explicitly states that he has "no intention" of complying with an order of the district court—all while he continues to file other pleadings and letters. *See Phipps v. Blakeney*, 8 F.3d 788, 791 (5th Cir. 1993) ("But some cases speak for themselves and are clear enough without the district court adding a section to its opinion to explain why lesser sanctions were not used.").

### III. Conclusion

The Court recognizes that a dismissal with prejudice is a harsh sanction and should be used sparingly. It is, however, warranted in this case. Hestand was ordered to file an amended complaint no later than April 22, 2022, then by May 31, 2022, and finally no later than November 2, 2022. Despite providing him numerous opportunities to comply, Hestand has deliberately failed to comply and in fact expressly stated his intent to defy the Court's order.

### RECOMMENDATION

For these reasons, the undersigned recommends that Hestand's civil rights proceeding be dismissed, with prejudice, for his failure to comply with an order of the Court pursuant to Rule 41(b). Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 10th day of November, 2022.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE