UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:22-cv-00006

**Jamon Hestand,**
*Plaintiff,*

v.

**TDCJ Inspector General et al.,**
*Defendants.*

# ORDER

Plaintiff Jamon Hestand, an inmate confined in the Texas Department of Criminal Justice (TDCJ), proceeding pro se and *in forma pauperis*, filed this civil-rights lawsuit. He sues more than 100 defendants working in the TDCJ Office of the Inspector General and the University of Texas Medical Branch for a wide range of alleged constitutional violations. This case was referred to United States Magistrate Judge K. Nicole Mitchell.

On November 10, 2022, the magistrate judge issued a report recommending that plaintiff's lawsuit be dismissed with prejudice for plaintiff's failure to comply with several orders of this court directing him to amend his complaint. Doc. 72.

Specifically, the magistrate judge found that—despite being ordered to do so no later than April 22, 2022, then by May 31, 2022, and finally no later than November 2, 2022—plaintiff has not filed an amended complaint. Instead, he has expressed to the United States Court of Appeals for the Fifth Circuit his intent to defy this court's order: "[I]t's not my intention to amend my complaint like the District Court is trying to get me to do (In Docket #'s 50, 57, 69)." *See* Docs. 50, 57, 69.

The orders directing plaintiff to amend his complaint warned that his failure to do so could result in the dismissal of his lawsuit. The magistrate judge further highlighted that plaintiff continues to file numerous other pleadings both in this court and the Fifth

Circuit but explicitly refuses to file an amended complaint as ordered numerous times.

When timely objections to a magistrate judge's report and recommendation are filed, the court reviews them de novo. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1420 (5th Cir. 1996). Frivolous, conclusory, or general objections need not be considered by the district court; rather, a party objecting to a magistrate judge's report must specifically identify those findings in the report to which he objects. *See Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1992) (en banc); *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987); *see also Valez-Pedro v. Thermo King De Puerto Rico, Inc.*, 465 F.3d 31, 32 (1st Cir. 2006) (explaining that an objecting party must put forth more than "[c]onclusory allegations that do not direct the reviewing court to the issues in controversy.").

In his "motion for estoppel and recusal w/objections" (Doc. 77), plaintiff fails to address the substance of the magistrate judge's report. Plaintiff demands that this court "estop any orders or decisions" against him as well as the recusal of the undersigned and the magistrate judge. He also states that he objects to orders, the Fifth Circuit mandate, judges not recusing themselves, and clerks not reporting judicial misconduct. Plaintiff further asserts that orders within his appeal at the Fifth Circuit (Doc. 56) are unlawful.

Plaintiff's objections are overruled. This filing by plaintiff underscores both the accuracy of the magistrate judge's report and plaintiff's contumacious conduct. His assertions that the Fifth Circuit's orders are unlawful are frivolous and without merit. Likewise, his accusations of judicial bias are conclusory and do not satisfy the applicable standards. *See Liteky v. U.S.*, 510 U.S. 540, 555 (1994) ("First, judicial rulings almost never constitute a valid basis for a bias or partiality motion.").

Instead of filing an amended complaint or substantive objections to the magistrate judge's report, plaintiff filed additional motions in this court. Docs. 73–75. Plaintiff's ability to

file numerous other pleadings but not an amended complaint evinces the soundness of the recommendation to dismiss this lawsuit with prejudice. *See Dunn v. Farrell*, 598 F. App'x 332, 333 (5th Cir. 2015) (unpublished) ("Given Dunn's ability to file numerous other pleadings in the district court in the relevant time frame, his failure to comply with the district court's orders instructing him to filing pleadings that set forth his own claims appears to be willful and intentional, rather than based upon a misunderstanding of the type of pleadings the district court required."). Here, plaintiff's failure to comply with several orders to amend is similarly willful and intentional.

Having reviewed the magistrate judge's report de novo, the court accepts its findings and recommendations. Plaintiff's objections (Doc. 77) are overruled. Plaintiff's lawsuit is dismissed with prejudice for plaintiff's failure to comply with orders of the court. All pending motions are denied.

*So ordered by the court on December 28, 2022.*

J. CAMPBELL BARKER
United States District Judge