UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:22-cv-00006

**Jamon Hestand,**
*Plaintiff,*

v.

**TDCJ Inspector General et al.,**
*Defendants.*

# ORDER DENYING *IN FORMA PAUPERIS* STATUS ON APPEAL

Plaintiff Jamon Hestand, an inmate confined in the Texas Department of Criminal Justice (TDCJ) proceeding pro se and *in forma pauperis*, filed this civil-rights lawsuit. He sues more than 100 defendants within the TDCJ, Office of Inspector General, and the University of Texas Medical Branch for a wide range of alleged constitutional violations. This case was referred to United States Magistrate Judge K. Nicole Mitchell. Before the court is plaintiff's motion for leave to appeal *in forma pauperis*. Doc. 82.

Plaintiff appeals the court's order dismissing his case with prejudice for his failure to comply with orders of the court and for his contumacious conduct. Doc. 78. Specifically, despite filing several pleadings in this court and the United States Court of Appeals for the Fifth Circuit, plaintiff explicitly refused to file an amended complaint and stated that he had no intention of complying with this court's orders.

Title 28 U.S.C. §1915(a)(3) provides that leave to proceed *in forma pauperis* on appeal shall be denied if the district court determines that the appeal is not taken in good faith—that is, if the appeal fails to present a non-frivolous issue. *Coppedge v. U.S.*, 369 U.S. 438 (1962); *United States v. Benitez*, 405 F. App'x 930 (5th Cir. 2010) (*per curiam*). An action is frivolous where there is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319 (1989).

Similarly, an appellant is ineligible for *in forma pauperis* status if the court certifies that the appeal is not taken in good faith. Fed. R. App. P. 24(a)(3)(A). If the district court finds no "legal points arguable on the merits," then an appeal is not taken in good faith. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983), *reh'g denied*, 719 F.2d 787 (5th Cir. 1983).

Plaintiff fails to present a non-frivolous issue. Consequently, the court certifies that his appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A); *Baugh v. Taylor*, 117 F.3d 197, 202 n.21 (5th Cir. 1997). Plaintiff's motion for leave to proceed *in forma pauperis* on appeal (Doc. 82) is denied.

*Baugh* holds that where a district court certifies that an appeal is not taken in good faith, the appellant may, within the time prescribed by Fed. R. App. P. 4, either pay the full filing fee and any relevant costs or contest the certification decision by filing a separate motion to proceed *in forma pauperis* on appeal with the clerk of court for the U.S. Court of Appeals for the Fifth Circuit within 30 days of this order. *Baugh*, 117 F.3d at 202. If appellant contests the certification decision and the appellate IFP certification is secured, this motion shall be deemed to be a timely notice of appeal.

Should appellant challenge the district court's certification that the appeal was not taken in good faith, the motion must be directed solely to the district court's reason for this certification. This motion and deemed notice of appeal shall be a filing for purposes of the Prison Litigation Reform Act and will trigger the financial screening and assessment procedures of the Act. *Id*. Thus, if appellant moves to proceed on appeal *in forma pauperis* with the Fifth Circuit, the prison authorities will be directed to collect the fees as calculated in this order.

Appellant Hestand, TDCJ No. 01343536, is assessed an initial partial appellate filing fee of $0.00. The total appellate filing fee due is $505.00. Appellant shall pay the sum of $505.00 in periodic installments. Appellant is required to make payments of 20% of the preceding month's income credited to the appellant's prison

account until appellant has paid the total filing fee of $505.00. The agency having custody of the prisoner shall collect this amount from the trust fund account or institutional equivalent when funds are available and when permitted by 28 U.S.C. § 1915(b)(2) and forward it to the clerk of the district court.

If appellant moves to proceed on appeal *in forma pauperis* with the Fifth Circuit, the clerk shall mail a copy of this order to the inmate accounting office or other persons or entities with responsibility for collecting and remitting to the district court interim filing payments on behalf of prisoners, as designated by the facility in which the prisoner is currently or subsequently confined.

*So ordered by the court on April 26, 2023.*

J. CAMPBELL BARKER
United States District Judge